By the Court,

Bronson, J.
Between lessor and lessee there is privity, both of estate and contract. The same relation also exists between the lessee and the assignee of the reversion; and the latter may sue in his own name upon all such covenants of the lessee, whether in law or in deed, as run with the land. As to implied covenants, his right to sue stands on the privity of estate, and was complete at the common law. He might bring debt for the rent reserved by the lease, the rent being incident to the reversion. But as to express covenants and conditions contained in the lease, the right of the assignee to sue in his own name was given by the statute, 32 H. 8, c. 34, which we have reenacted, (2 R. S. 747, § 23, 24,) and which transfers the privity of contract, so that the assignee stands in the same plight in relation to the tenant that the lessor did before he parted with the reversion.
Although the rent may be granted without the reversion— not being inseparably incident to it—yet I see no principle upon which the assignee of the rent, without the reversion, can sue in his own name. There is no privity of estate, and, so far as I can see, no privity of contract between him and the lessee. Still, it seems to be settled that such assignee may sue in his own name for rent accruing after the assignment. (Demarest v. Willard, 8 Cowen, 206. Allen v. Bryan,. 5 Barn, Cress. 512.) The last case was decided, without as signing any other reason, on the authority of Roberts v. Cox, (1 Lev. 22.) That case is also mentioned as having decided the point, in 3 Salk. 118, and Vin. Abr., Estate, (B. b. 18,) pl. 10.) But on looking at the report in Levinz, it will be found that nothing wás decided—the judges being equally divided in opinion. This also appears by the report of the same case in Sir T. Raym. 11, and 1 Keb. 1, where it is given by the name of Robins v. Warwick. But the point was decided, or rather *277 assumed, in Ards v. Watkin, (Cro. Eliz. 637 tmd 651.) The authorities upon which the judges relied prove nothing whatever on the point now in question ; nor have I been able to discover any thing in their reasoning going to take the case out of that general rule of the common law which declares that choses in action are not assignable. But the right of the assignee of the rent to sue in his own name was recognized by this court in Dernarest v. Willard, and we ought not now to depart from that doctrine.
But there are other difficulties in the plaintiff’s case. It is possible, perhaps, to infer from the declaration that there was a lease, that the defendant was the "lessee, that rent was reserved, that the rent has been assigned to the plaintiff and that he is now suing to recover it; and yet not one of those facts is directly alleged. They can only be made out, if it can be-done at all, by argument and inference. There may be an intrinsic difficulty in making out a case upon which the plaintiff can recover in his own name, owing to the manner in which the business was transacted; but that will not change the rules of law. The plaintiff must show all the facts to which I have alluded, or else he must seek a remedy in the name of Kendrick, with" whom the covenant was made. The plaintiff is here suing upon a covenant made with Kendrick to pay him ninety dollars per year so long as the defendant was permitted to occupy certain premises. The ninety dollars may be for rent, or this may be a collateral covenant which neither runs with the land nor is assignable upon any other ground. As a general rule it is not enough to plead a deed according to its terms, and then ask the court to draw inferences and give effect to the instrument in a particular form. It must be pleaded according to its legal effect and operation; and if the language be such that it may operate in several ways, the pleader must set it forth in that manner which will answer the particular purpose for which it is produced. Thus, the words give, grant, fyc. in a deed, may operate as a release; and where it is *278 necessary for the pleader to show a release he must plead the deed as such, instead of setting it forth in terms. So, if tenant for life grant his estate to him in reversion, this is, in legal effect, a surrender; and it must be pleaded as such, and not as a grant. Other examples might be given but they cannot be necessary. The cases in support of this doctrine are collected in 1 Saund. 225, c. note (9.); Chester v. Willan, (2 Saund. 96, and p. 97, b. note (2).) Stephen on Plead. 391, 2; 2 Chit. Prec. 468, note (f).) In order to recover in this action the plaintiff must aver in direct terms, and with all proper circumstances of detail, that Kendrick demised certain premises to the defendant, reserving a certain annual rent, which the defendant covenanted to pay: that Kendrick afterwards assigned the rent to Pettibone, and Pettibone assigned to the plaintiff. In Allen v. Bryan, (5 Barn, & Cress. 512,) after stating the demise by Fell, the rent, and the defendant’s covenant to pay, it was averred in the declaration that Fell assigned to the plaintiff the rent reserved by the lease, the counterpart of the lease, and the benefit of the covenants for the payment of the rent for the remainder of the term. It was, perhaps, unnecessary to go beyond the averment that the rent was assigned; but that question does not now arise.
As the declaration is defective, it is of course unnecessary to examine the pleas.
Judgment for defendant.